UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 6:14-cr-34-Orl-28DAB

MICHAEL GLENN GLASCOCK

### GOVERNMENT'S
### SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant
United States Attorney, files its sentencing memorandum and respectfully
requests that this Court sentence the defendant to life in federal prison followed
by a life term of supervised release as set forth in the Presentence Report (PSR)
prepared by the United States Probation Office.  A guidelines sentence in this
case will achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)
because it will reflect the seriousness of the offense, promote respect for the law,
provide just punishment, afford adequate deterrence, and, most importantly,
protect children from further crimes of the defendant.

### BACKGROUND

Thirty-nine year-old Michael Glenn Glascock (Glascock) engaged in a
pattern of horrific sexual abuse of his own three year-old daughter (hereinafter
referred to as the "minor victim").  PSR at ¶ 23.  During a period of at least three
months, Glascock sexually exploited and abused the minor victim on at least four
to five separate occasions.  Id. at ¶ 23 f).  Glascock's abuse of the child included
rubbing his semen on the minor victim's vagina and penetrating the child's vagina

with his finger, performing oral sex on the child, and permitting another adult male to engage in similar acts of sexual abuse on the child.  Id. at ¶ 16, 18, 19 g), and 28 a).   Further, Glascock produced child pornography images of the minor victim, including depictions of him performing oral sex on the child and the child in contact with his penis.  Id. at ¶ 23, 28 a).  Glascock stored these images on electronic devices in his home in Brevard County, Florida.

Glascock also used an online messenger service and the internet to distribute the child pornography images of the minor victim to William Edward Osman (Osman) who was sexually abusing his own one year-old child.[1]  In exchange for receiving child pornography images of the minor victim from Glascock, Osman sent Glascock child pornography images of Osman's minor child.  Id. at ¶ 23 c), 28, 32 and Doc. 27 at footnote 2.  In their communications, Glascock and Osman discussed sexually abusing their respective daughters and Glascock told Osman that he was glad that the minor victim was speech delayed because it prevented her from disclosing the sexual abuse.  PSR at ¶ 28.

In addition to the images of the minor victim, Glascock possessed numerous other images of child pornography on his electronic devices, including images of prepubescent children being vaginally penetrated as well as images of Osman's daughter.  Id.

---

[1] On August 29, 2014, Osman was sentenced by this Court to 720 months imprisonment for production and distribution of child pornography involving Osman's own one year-old child.

Glascock's aforementioned conduct came to light as a result of a joint federal and state law enforcement investigation.  Specifically, an undercover agent, posing as the father of a 13 year-old female child, responded to a Craigslist online advertisement that Glascock posted.  Id. at ¶ 13, 14.  On October 11, 2013, Glascock and the undercover agent communicated online by email as well as over cellular telephone.  Id. at ¶ 15-20.  In their discussions over the phone, Glascock told the undercover agent that he was performing oral sex on his three year-old daughter and the undercover agent could hear Glascock performing such acts on the child.  Id. at ¶ 16.  Glascock told the undercover agent that they could take turns performing oral sex on the child and Glascock permitted the undercover agent to speak with the child.  Id. at ¶ 17.  Glascock also told the undercover agent about Glascock and another adult male sexually abusing the minor victim by rubbing their penises against the minor victim's vagina.  Id. at ¶ 18.  Glascock eventually told the undercover agent that he wanted to have illegal sexual contact with the agent's fictitious 13 year-old daughter and agreed to meet the undercover agent with his own three year-old daughter.  Id. at ¶ 19.  Glascock also asked the undercover agent for a picture of the agent's daughter.  Id. at ¶ 20.

Agents eventually identified Glascock's residence in Brevard County and went there later in the day on October 11, 2013.  At the residence, agents located Glascock and the minor victim.  Id. at ¶ 21.  The victim was eventually taken to a medical facility where a nurse performed a sexual assault examination

on the child.  <u>Id.</u> at ¶ 23.  Results of forensic examination and testing revealed that Glascock's DNA was present on semen found in the minor victim's diaper and anus.  <u>Id.</u> at ¶ 26.  During interviews with agents, Glascock eventually admitted to the offense conduct described above.  <u>Id.</u> at ¶ 23.  A search warrant was also executed at Glascock's residence and agents recovered his electronic devices as well as other physical evidence.  <u>Id.</u> at ¶ 25, 27, 28.

On August 18, 2014, Glascock pled guilty to production of child pornography, in violation of 18 U.S.C. § 2251(a), and attempted online enticement of a minor, in violation of 18 U.S.C. § 2422(b).   The horrific and pervasive nature of Glascock's crimes has resulted in an advisory guidelines range of life imprisonment.  For the reasons that follow, the United States requests the Court to sentence Glascock to the advisory range of life in federal prison followed by a life term of supervised release.

<u>**ARGUMENT**</u>

**I.      Guidelines Objections**

<u>Application of U.S.S.G. §4B1.5(b)(1)</u>

Glascock disputes the application of U.S.S.G. §4B1.5(b)(1) or that he engaged in a pattern of activity involving prohibited sexual contact.  Glascock cites absolutely no authority in support of his position that the Probation Office improperly applied this enhancement.  Instead, Glascock argues that he should not qualify for the enhancement because his criminal history, beyond the instant offense, is minor.  <u>Id.</u> at Addendum.  Glascock also suggests that the application

of this enhancement is double counting.  Id.  Glascock's objections to this enhancement are baseless and should be rejected.

The Probation Office properly enhanced Glascock's adjusted offense level five levels because he is a repeat and dangerous sex offender against minors, under U.S.S.G. §4B1.5(b)(1).  That guideline provides a five-level enhancement when the defendant's offense of conviction is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct with a minor.  U.S.S.G. §4B1.5(b)(1).  The guideline defines "covered sex crime" as an offense committed against a minor under Chapters 110 or 117 of Title 18 of the United States Code.  U.S.S.G. §4B1.5 comment (n. 2).  As noted, Glascock was convicted of production of child pornography, in violation of 18 U.S.C. § 2251(a), and attempted online enticement of a minor, in violation of 18 U.S.C. § 2422(b).  Both of these crimes are offenses under Chapter 110 or 117 of the Title 18, United States Code.  Thus, both of his offenses of conviction are covered sex crimes within the meaning of the guideline.

Similarly, the guideline provides that a defendant who engages in prohibited sexual conduct with a minor on at least two separate occasions, without regard to whether the occasion occurred during the course of the offense or resulted in a conviction, engages in a "pattern of activity."  U.S.S.G. §4B1.5(b)(1), comment (n.4(B)).  Based on the plain language of commentary note 4(B), the application of this enhancement based on Glascock's conduct would not constitute double counting.

The guideline defines "prohibited sexual conduct" as the production of child pornography or a State offense described under 18 U.S.C. § 2426(b)(1)(A) or (B), i.e. sex acts with a minor.  U.S.S.G. §4B1.5(b)(1), comment (n.4(A)).  Here, Glascock engaged in a pattern of activity involving prohibited sexual conduct with his three year-old daughter.  In his plea agreement, Glascock acknowledged all of the facts set forth in the PSR, including his admission that over an approximate three month period he sexually abused the minor victim on four to five separate occasions.  Doc. 27 at 27.  As detailed above, and in the PSR and plea agreement, the sex acts that Glascock subjected the minor victim to, included having oral sex with the victim, penetrating her vagina, and permitting another adult male to engage in similar conduct with the child.  Because Glascock engaged in a pattern of activity involving prohibited sexual conduct with minors and his offenses of conviction are covered sex crimes, the application of the enhancement is proper.

## II.   Section 3553(a) Factors

### 1.   The Nature and Circumstances of the Offense

The nature and circumstances of Glascock's offenses are atrocious and militate in favor of a guidelines sentence.  See 18 U.S.C. § 3553(a)(1).  Glascock is a pedophile who, until his arrest, had abused and exploited a very young child.  More disturbingly, the victim of Glascock's abuse was his own three year-old daughter who he was charged with caring for.  PSR for Jonathan Tyler Prive, Case No. 6:14-cr-33-Orl-28KRS, at ¶ 28.  Glascock was a stay at home father

who looked after his two children, including the minor victim, while his wife worked two jobs and was going to school.  Id.  Instead of caring for the minor victim, Glascock subjected her to unspeakable acts of abuse, as set forth above. Beyond that, Glascock essentially offered his daughter to other adult males so that they could sexually abuse her.  For instance, as noted above, after a series of emails and a phone conversation, Glascock was willing to let the undercover agent perform sex acts on his child.  In addition, Glascock told the undercover agent about a prior incident where Glascock and another adult male sexually abused the minor victim together.  This other individual was eventually identified to be Jonathan Tyler Prive (Prive), whose own case is pending before this Court.[2]

Glascock also expressed an interest in abusing other children.  As noted above, Glascock told the undercover agent that he wanted to perform sex acts on the agent's fictitious minor daughter.  The government believes that Glascock, if given the opportunity, would have allowed another adult male to sexually abuse his daughter, in exchange for access to another female child that he could sexually abuse.

In addition to his "hands-on" abuse of the minor victim, Glascock produced child pornography images of the child which he distributed to another individual, Osman.  Thus, Glascock allowed another pedophile to view the child pornography images of his daughter and, thereby, perpetuated the victimization

---

[2] On August 27, 2014, Prive pled guilty before this Court to attempted online enticement of a minor in Case No. 6:14-cr-33-Orl-28KRS for his own conduct involving the minor victim.

of his own child.  Further, there is no way to ensure that the images of the minor victim did not travel into the stream of illegal commerce for child pornography on the internet.  In trading child pornography with Osman, Glascock also played a role in the victimization of Osman's own one year-old child who was depicted in the images Osman sent Glascock.  In their communications discussing how they each sexually abused their respective daughters, it appears that Glascock and Osman were encouraging each other to continue such conduct.  In addition to the images of his own daughter and Osman's child, Glascock had, in his possession, child pornography images of other children, including images depicting prepubescent children subjected to unspeakable acts of violence, specifically, vaginal penetration.

"Child sex crimes are among the most egregious and despicable of societal and criminal offenses."  United States v. Sarras, 575 F.3d 1191, 1220 (11th Cir. 2009) (court affirmed as reasonable a 100-year-sentence for a first offender who sexually abused a 13-year-old girl and photographed the abuse). The Supreme Court has long recognized that childhood sexual abuse has devastating and long-lasting effects on its victims.  See New York v. Ferber, 458 U.S. 747, 758 n. 9 (1982) ("It has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults.).

More recently, the Eleventh Circuit affirmed a life sentence imposed by this very same Court for a similarly situated defendant who sexually abused and

raped his own daughter inside their home while she was between the ages of 14 and 17.  See United States v. Marshall, No. 13-14095, 2014 WL 6653569 (11th Cir. Nov. 25, 2014).  The Eleventh Circuit found Marshall's sentence reasonable in light of this Court's view that the offense was "more egregious than any [it] had ... address[ed]."  Id.  Glascock's conduct was as egregious, if not more so.  As noted above, Glascock engaged in similar conduct as Marshall with an even more vulnerable and helpless victim.  Further, Glascock's advisory guidelines call for a life sentence whereas the Court in Marshall varied upward from a guidelines range of 235 to 293 months to a sentence of life imprisonment.

No upward variance is requested in Glascock's case.   His criminal conduct ranks at the forefront of an "egregious and despicable" field of crime and his advisory guidelines range reflects that.  A life sentence is appropriate under these circumstances.

    2.    The History and Characteristics of the Defendant

Similarly, Glascock's history and characteristics militate in favor of a guidelines sentence.  18 U.S.C. § 3553(a)(1).  This factor is aimed at distinguishing among defendants who commit a particular offense or type of offense.  United States v. Irey, 612 F.3d 1160, 1203 (11th Cir. 2010).  Glascock is an egregious "hands-on" offender who repeatedly sexually molested his own three year-old daughter, irreparably scarring her life and the lives of the other members of his family, including his wife and young son.  Glascock's criminal conduct is extensive and serious.  Nothing in Glascock's background excuses or

mitigates the danger he presents to children.  Further, Glascock's history and

characteristics are unremarkable and do not warrant a downward variance.  See

Irey, 612 F.3d at 1203-04 (court held that district's court substantial downward

variance based on the defendant's good character was unreasonable).  See also,

United States v. Martin, 455 F.3d 1227, 1239-40 (11th Cir. 2006) (disapproving

the sentencing court's emphasis on the defendant's lack of a criminal record and

the aberrational nature of his crimes, which the guidelines had already taken into

account, and pointing out that his criminal conduct spanned a period of years and

caused much harm).  There is nothing in Glascock's background to show that he

is any different from any other person who commits horrendous crimes against

children.  Indeed, his history and characteristics weigh in favor of a guidelines

sentence.

      3.     Just Punishment, Adequate Deterrence, Respect for the Law, and Protection of the Public

A guidelines sentence also meets the sentencing goals of adequate

deterrence, respect for the law, protection of the public and just punishment in

this case.

Deterrence is a particularly weighty factor in this case.  "The more serious

the crime and the greater the defendant's role in it, the more important it is to

send a strong and clear message that will deter others."  Irey, 612 F.3d at 1212.

Glascock engaged in a pattern of illegal sexual activity involving an extremely

young and vulnerable child.  Not only was he the abuser, but he also produced

and distributed child pornography images of the child.  As noted, Glascock

encouraged another pedophile to engage in the same conduct with yet another child.   The Eleventh Circuit has held that deterrence is "particularly compelling in the child pornography context" and that district courts should give significant weight deterring the production of child pornography and protecting children who are victimized by it.   United States v. Pugh, 515 F.3d 1179, 1194 (11th Cir. 2008). In addition, Glascock understood that his actions were illegal, yet the threat of law enforcement action did not deter him.  As mentioned above, Glascock told Osman in an online communication that he was happy the minor victim had a speech problem because it prevented her from disclosing the sexual abuse.  In addition, Glascock told his wife, the mother of the minor victim, that his computer was broken so that she would not use the computer.  Prive PSR at ¶ 28.  These actions indicate that Glascock committed these horrendous crimes in a calculating and reflective fashion.  As noted above, Glascock expressed an interest in sexually abusing other children in his communications with the undercover agent.  Consequently, a substantial sentence is warranted to specifically deter Glascock from sexually abusing minors, to promote respect for the law and to provide for just punishment.

Glascock claims that he has "from the beginning, expansively told law enforcement all that happened respecting his role and that of others."  PSR at Addendum.  The government will acknowledge that Glascock made incriminating admissions when the agents interviewed him, however, when asked about the involvement others had in the sexual abuse of his child, he was less than

forthcoming on the date of his arrest.   The agents specifically asked Glascock about an email exchange he had with Prive that made it quite apparent that Glascock had allowed Prive to sexually abuse the minor victim at his residence. PSR at ¶ 33.  Glascock denied letting a male sexually abuse his daughter and claimed that on the date in question the child was not with him.  Id.  Later, Glascock permitted the undercover agent to assume his online identity which allowed the agent to communicate with Prive.  After he was arrested and charged federally in this case, Glascock provided law enforcement with information regarding a State sex crimes case.  Despite his post-arrest cooperation, a guidelines sentence is still  warranted at this time.

Based on the facts set forth above in detail, Glascock has demonstrated that he is an extreme danger to children.  Instead of protecting his child, Glascock subjected the child to repeated sexual abuse.  In addition to his own conduct, it appears that Glascock derives legitimate sexual pleasure from watching others perform sex acts on his child or hearing about similar acts from other pedophiles.  "Congress explicitly [has] recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders."  United States v. Allison, 447 F.3d 402, 405-06 (5th Cir. 2006); see also, Pugh, 515 F.3d at 1201 ("As Congress has found and as we have discussed, child sex offenders have appalling rates of recidivism and their crimes are under-reported.").  A sentence of life in federal prison will forever protect children from further crimes by Glascock and the magnitude of the harm that will occur if he does commit

more sex crimes against children.

For the foregoing reasons, the United States respectfully requests the Court to sentence Glascock to a term of life imprisonment followed by a life term of supervised release.  In light of the serious nature of the offense, Glascock's personal characteristics, the need for the protection of children, just punishment, deterrence, and the need to promote respect for the law, a guidelines sentence is reasonable.

Respectfully submitted,

A. LEE BENTLEY, III
Acting United States Attorney

By:   _s/ Andrew C. Searle_
Andrew C. Searle
Assistant United States Attorney
USA No. 0143
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:   andrew.searle@usdoj.gov

**U.S. v. MICHAEL GLENN GLASCOCK        CASE NO. 6:14-cr-34-Orl-28DAB**

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ismael Solis, Jr., Counsel for Defendant.

> *s/ Andrew C. Searle*
> Andrew C. Searle
> Assistant United States Attorney
> USA No. 0143
> 400 W. Washington Street, Suite 3100
> Orlando, Florida 32801
> Telephone:   (407) 648-7500
> Facsimile:    (407) 648-7643
> E-mail:   andrew.searle@usdoj.gov