**MICHAEL G. GLASCOCK'S SENTENCING MEMORANDUM
AND MOTION IN SUPPORT OF DOWNWARD DEPARTURE
BASED ON MR. GLASCOCK'S INSIGNIFICANT RECORD
AND THE ABSENCE OF CAREFUL STUDY AND EMPIRICALANALYSIS
OF THE APPLICABLE CHILD PORNOGRAPHY SENTENCING GUIDELINES**

## I. Introduction

Michael G. Glascock, by and through his undersign attorney, most respectfully request this court to exercise its discretion in imposing a reasonable sentence as under United States v. Booker, 543 U.S. 220, and its progeny. A reasonable sentence different than and below that called for by the advisory U.S. Sentencing Guidelines; one that would prove just. Punishment that will be seen as both reasonable and one that will be sufficient, but not greater than necessary to accomplish the goal of federal law, 18 U.S.C.§ 3553(a)

Michael Glascock is a 39 year old man born in Raleigh, North Carolina; he is closest to his beloved mother, Valerie Jacobs, with whom he has experienced the inevitable ups and down of life, including the one in August 18, 2014 when Mr. Glascock engaged in offenses related to child pornography and more. This was only the official, beginning of a sad jorney into the darkness that would lie ahead. Immediately after his arrest he commenced his full and exceptional cooperation with low enforcement. This continued way after his early plea of guilty. For this Mr. Glascock prays that the Government allow a Motion for Substantial Assistance to this thoroughly broken man who is repentant beyond imagining.

## II. Proceedings

On February 19, 2012 an eight count indictment in the Middle District in Orlando named Mr. Michael G. Glascock as a defendant. The eight count indictment contained charges

ranging from Sexual Exploitation of a minor for the purpose of producing child pornography in Violation of 18 U.S. C. § 2251 (a) and (e) to Possession of Child Pornography in violation of U.S.C.§ 225A(a)(5) Brand(b)(2).

On August 18, 2014 defendant pled guilty to Count I: Sexual Exploitation of a Minor for the purposes of producing Child Pornography in violation of 18 U.S.C. § 2251(a) and (e) and in Count III: Attempted Sexual Enticement of a Minor, in violation of 18 U.S.C. § 2422(b).

Pursuant to Plea Agreement, defendant is expected to receive a 3 level reduction for acceptance of responsibility and in addition, it is hoped, a Motion for Substantial Assistance.

Mr. Glascock's PSR reflects a base offense Level of 43. Sentencing hearing is scheduled for January 9, 2015.

# ABBREVIATED
# EVOLUTION OF APPLICATION AND ROLE OF FEDERAL
# SENTENCING GUIDELINES

At one point much scrutiny shifted to the guidelines in connection to its effectiveness and constitutional soundness and boundaries; this was to emerge and crystallize with a succession of Supreme Court decisions. It would transform the perception of the Guidelines from mandatory observance to an advisory reference point. These cases were to change the landscape and the potential role of the sentencing guidelines; notable among these decisions were Jones v. Unlimited State, 526 U.S. 227 (1999); Apprendi v New Jersey, 530 U.S. 466 (2008), an d prominently United States v. Booker, 543 U.S. 220 (2005) and Blakely v Washington, 542 U.S. 220 (2005). In Blakely, the Supreme Court reinforced its holdings in Appprendi and Jones, i.e., other than the fact of a prior conviction any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Blakely, supra, 542 U.S. at 301.

In *Booker*, the court specifically held that the holding in Blakery applied to the U.S. Sentencing Guidelines, 543 U.S. at 230-44, 125 Sect., at 748-56 (Part One, Stevens, J.) However, the Court also held that in order to not run afoul of the Sixth Amendment, those portions of the Sentencing Reform Act of 1984 that made the Sentencing Guidelines "**mandatory,**" specifically, 18 U.S.C § 3553(b)(1) and § 3742(e), had to be severed and excised, 543 U.S. 220, at 244-45, 125 Sect. and 756-57. Thus, as modified by *Booker,* the Sentencing Guidelines effectively became advisory, and directed that the Court's consider the Guidelines ranges but permitting the crafting of sentence in light of other statutory concerns.

The Guidelines are not only not mandatory upon Sentencing courts, they are not to be presumed reasonable, Spears v. United States, 129 S.CT 840 (2009). Further, discussion awaits

us on perceived flaws and criticism specifically pointed at the application of Sentencing Guidelines U.S.G § 2G2.2.  In this vein, courts should rigorously examine the nature and quality of the process of implementation and ultimately determine whether are truly a product imbued with and observant of careful study and empirical analysis and to work to yield a sentence that is reasonable and consistent with similar cases.  This is eminently desirable given the advisory nature of the guidelines and, in the view of many, the draconian results that eventuates upon calculation of the uneven child pornography sentences

## GUIDELINE APPLICATION OF U.S.S.G. § 2G.2 HAVE COME UNDER FIRE FOR NOT BEING THE PRODUCT OF CAREFUL STUDY AND EMPIRICAL ANALYSIS AND THUS SHOULD NOT BE GIVE DEFERENCE AN WEIGHT ACCORDED OTHER GUIDELINES

The applicable Sentencing Guideline U.S.S.G.§ G 2.2 has been the recipient of unwelcome and increasing criticism, principally because it has been demonstrated that § G2.2 is not the result of careful study and empirical analysis by the Sentencing Commission but rather the result of morality and politically influenced politicians who have interfered with the Sentencing Commission's role of establishing appropriate sentences. See, Stabenow, Deconstructing the myth of Careful Study: A primes on the Flawed Progression of the Child Pornography Guidelines, at http://mouv.fd.org/3July new II 2008.

In United States v. Riley, 2009 WL 289 9896 (S.D. Fla. The court cited the Stabehow Report and other case law and instead of imposing a recommended Guideline Range of 210 to 260 impose a sentence of 60 months based on defendant's offense conduct and characteristics in transporting child pornography. The Court also found that § G.2 did not exemplify the Sentencing Commission's characteristic institutional role of careful study and empirical analysis.

Again, in United States v. Grober, 595 F.Supp.2d 382, 391-95 (D.N.J. 2008) the court, instead of Guideline range of 235 to 293 sentenced the defendant to 60 months for child pornography alluding to the Stabehow article and lack of study and empirical analysis by the commission.

On another Level, 2G2.2 has been shown to contain enhancements that are tripping and overlapping each other; enhancements derived from the same "sexual conduct".

A telling example is a person who trades a single picture, and is engaged in viewing and in reviewing and receiving child pornography for a few hours; this person will rack up a base

offense level of 40. Even after acceptance of responsibility and no prior criminal history can easily reach a Guideline Range of 210-262 months.

### MICHAEL G. GLASCOCK'S SENTENCE

Mr. Glascock, a 39 year old man has been a resident of Florida for nearly all his life. As his PSR p.71 shows, a score of 1 with a criminal category 1 for a Possession of Marijuana. This at the age of 30.

In looking at the sentencing factors in 18 U.S.C. § 3553(a) it calls for a sentence sufficient, but not greater than necessary to achieve the goals in the law.

18 U.S.C. § 553(a) provides:

(2) The need for a sentence imposed

A) to reflect the seriousness of the offense to promote just punishment for the offense

B) to afford adequate deterrence to criminal conduct

C) to protect the public from further crimes of the defendant

D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

Up until the events leading up to the instant case defendant was a man living within the bounds of the law. Post-offense conduct shows that defendant showed that he would not hesitate to tell law enforcement what his role was and turned fully cooperative to the extent that others were prosecuted and/or cases upgraded. He effectively, by his conduct started doing the right thing in helping to discover of others who were inflicting harm to the others. Mr. Glascock is well aware of the scope and depth of his criminal actions, actions that because of his unremitting points to a positive outlook and the path to rehabilitation.

While he will stand before the Court a broken man, well knowing he brought this upon himself, he now has nothing other than the thought of perhaps a merciful court and the hope that he can later undergo treatment.

Thus, he stands before the court as a 39 year old man; he too was a child and at age 7 when he was seriously sexually molested - PSR p. 81.

## CONCLUSION

Michael G. Glascock, through his undersigned counsel respectfully request that the court exercise its discretion, depart downward from the Sentencing Guidelines and sentence him to a reasonable sentence.

Respectfully Submitted this December 12, 2014.

ISMAEL SOLIS, JR.

/s/ *Ismael Solis, Jr.*
Ismael Solis, Jr.
Florida Bar 0324361
115 South Lake Avenue
Groveland, Fl  34736

## CERTIFICATE OF SERVICE

I herby certify that on this December 12, 2014, I electronically filed the following document with the Clerk of the Court by using CM/ECF System which will send a notice to all other counsel of record and to Michael G. Glascock at the Orange County Jail.

/s/ *Ismael Solis, Jr.*
Ismael Solis, Jr.