UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                         Case No. 6:14-cr-34-Orl-28KRS

MICHAEL GLENN GLASOCK

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S
REQUEST FOR APPOINTMENT OF COUNSEL**

Defendant asks this Court to appoint counsel to help him press for judicial review of whether the Government should file a motion to lessen his sentence in recognition of "substantial assistance" to law enforcement.  The United States respectfully opposes both requests, as the decision to file or not file such a motion has generally been committed to the discretion of prosecutors and not routinely reviewed by the courts.  Defendant has no right to appointed counsel in post-conviction proceedings and no "exceptional circumstances" justify appointing one here.  The United States respectfully requests that this Court deny Defendant's request for counsel and decline to review the underlying legal issue.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 19, 2014, the Defendant was indicted on eight counts of enticement and child pornography production, distribution, and possession. (Dkt. 1.)  These criminal charges tell a horrifying story of Defendant's sexual

abuse of his then-three-year-old daughter and of his exchanging images of his sexual abuse with a network of fellow pedophilic predators.  (Dkt. 44:1-4.)

On July 28, 2014, the Defendant entered into an agreement to plead guilty to the first and third counts of the indictment and admit to a detailed factual recitation of his abuse and related misconduct.  (Dkt. 27:19, 21-33.)  In his plea agreement, Defendant expresses a desire to cooperate with the government both before and after his sentencing.  (Dkt. 27:5.)  In his sentencing memorandum, he expressed fervent "hope[]" that he might someday qualify for a downward departure for providing "substantial assistance" to the government.  (Dkt. 45:2.) While the Government agreed "to consider" Defendant's future assistance, the plea agreement makes unmistakably clear that the "defendant understands that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney . . . and the ***defendant agrees that defendant cannot and will not challenge that determination***, whether by appeal, collateral attack, or otherwise."  (Dkt. 27:5-6.) (emphasis added.)

On August 18, 2014, Defendant pled guilty to Counts One and Three of the Indictment, (Dkt. 30), and, on February 6, 2015, was sentenced to a 30 year sentence of imprisonment on Count One and a life sentence on Count Two, running concurrently.  (Dkt. 51, 53.)  The Government understands that

Defendant subsequently pled guilty to state charges related to his abuse of his child and received a life sentence under Florida law as well.

On July 25, 2018, Defendant filed a request that this Court appoint counsel to assist him in seeking a sentence reduction for substantial assistance.  (Dkt. 63.) The Defendant cites a statement at his federal sentencing that prosecutors "would consider" his future assistance with various ongoing investigations, (Dkt. 63), a statement that appears to reiterate the terms of his plea agreement.  (Dkt. 27:5-6.) The Defendant asks for appointed counsel because he has "no representation for post conviction remedies who can file the necessary motion" in this court.  (Dkt. 63.)  The Defendant noted that he filed his letter now because he is "approaching the completion of my assistance to the state."  (Dkt. 63.)

Having conferred with prosecutorial and investigative personnel involved in federal and state matters involving this Defendant, the undersigned understands that Defendant has been a witness in two state cases, testifying in one, and that he plans to testify in a third upcoming trial – all of which are related to his sexual abuse and related misconduct.  Defendant is or has been represented in connection with the state prosecutions and he has agreed to cooperate, in part, based on his and his counsel's negotiations with state prosecutors.  Neither side in those proceedings have affirmatively sought to involve, or made any requests to, the U.S. Attorney's Office.

3

This Court ordered the United States to "indicate whether it intends to file a post-conviction notice of the type referred to" in Defendant's motion.  (Dkt. 65.)  At this time, the Government does not intend to do so.  In connection with the second of the three trials on which Defendant may claim to have substantially assisted law enforcement, Defendant filed a letter with this Court on August 1, 2016.  (Dkt. 62.)  In that letter, Defendant expresses the desire to be housed in federal rather than state prison and expresses frustration that he was testifying against co-defendants "even though I am being offered nothing in return."  (Dkt. 62.)  Based on his concerns for his safety and in an effort to be moved to federal prison, he states that he "has written a letter to the state attorney's office notifying them that I officially withdraw my cooperation and I am no longer willing to testify on the other cases."  (Dkt. 62.)  Although he clearly reconsidered this position, given his willingness to testify in the third upcoming trial, the undersigned understands that the case referenced in that letter was resolved through a plea agreement rather than through trial.  Under the terms of his plea agreement, Defendant agreed to "cooperate fully" with law enforcement, (Dkt. 27:5) and withdrew his cooperation on or around August 1, 2016.  In these circumstances, the Government is not planning to file any motion to lessen Defendant's sentence.

4

## ARGUMENT

The question of whether this Court should appoint counsel at this the stage of this proceeding is answered by the nature of the legal issue the Defendant wants this appointed counsel to pursue.  There is no right to counsel in post-conviction proceedings or discretionary appeals, as "the right to appointed counsel extends to the first appeal of right, and no further."  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Instead, "[t]he appointment of counsel" in post-conviction proceedings is "'a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.'"  *Barroso v. United States*, 2017 WL 2805188, *8 (S.D. Fla. June 2, 2017) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)).  Several district courts in the Eleventh Circuit have declined to appoint counsel to assist convicted defendants in their post-conviction efforts to fault the Government for failing to file a "substantial assistance" request pursuant to U.S.S.G. § 5K1.1 or Fed R. Crim. P. 35, finding that "[n]o such exceptional circumstances . . . justify the appointment of counsel" to aid in such requests.  *Id.  See also Jackson v. United States*, 2017 WL 3009419, *5 (N.D. Ala. July 14, 2017) (same); *Walker v. United States*, 2017 WL 957369, *4 (S.D. Ga. Mar. 10, 2017) (same).

There is nothing novel or complex about the legal question presented.  It is well settled that "the government has 'a power, not a duty, to file a motion when a defendant has substantially assisted.'" *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (quoting *Wade v. United States*, 504 U.S. 181, 185 (1992)).  Courts have consistently committed this decision to a zone of prosecutorial discretion in which they will not intrude as a routine matter:

> Rather than opening a watershed requiring judicial review *whenever* the government refuses to make a 5K1.1 motion . . . [*Wade v. United States*, 504 U.S. 181 (1992)] clearly reinforces the Court's reluctance to enter into the prosecutorial discretion arena of the executive branch.

*United States v. Forney*, 9 F.3d 1492, 1501 n. 4 (11th Cir. 1993) (emphasis in original).  "[T]he substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts." *United States v. Hickey*, 719 Fed. Appx. 1000 (11th Cir. April 20, 2018).  And for that reason, "government's discretion whether to seek a substantial assistance reduction is 'vast.'" *United States v. Kennedy*, 2017 WL 776109, *1 (M.D. Fla. Feb. 13, 2017).

This deference is as well justified as it is settled.  "[N]ot only is the government the best determiner of a defendant's assistance, but also . . . it has great incentive to perform this evaluation accurately . . . since it is dependent upon future defendants' cooperation." *Forney*, 9 F.3d at 1501 n. 4.  In addition,

"[t]his broad discretion . . . is particularly ill-suited to judicial review,' and . . . the factors that a court would consider to review such a prosecutorial decision 'are not readily susceptible to the kind of analysis the courts are competent to undertake.'" *Id.* (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985)).  This broad discretion is not restrained or relinquished by the Government's commitment — like the commitment Defendant cites here (Dkt. 27:5, Dkt. 63) — "to consider" future assistance in determining whether to file any future motions. *Forney*, 9 F.3d at 1499 ("The plea agreement . . . provides only that the government would 'consider' whether Forney's aid qualified for substantial assistance and that this determination was "solely" that of the government.")  *See also United States v. Bell*, 465 Fed. App'x 892, 894 (11th Cir.2012) ("Where . . .a plea agreement states that the government will 'consider' whether the defendant's cooperation qualifies as substantial assistance and that this determination is in the government's sole discretion, the government does not breach the agreement by failing to file a substantial assistance motion.").

In recognition of this broad prosecutorial discretion to decline to file such motions, courts have "limited the free exercise of that power only to the extent that the government cannot exercise that power, or fail to exercise that power, for an unconstitutional motive."  *United States v. Nealy*, 232 F.3d 825, 831 (2000). Thus, "judicial review is appropriate only 'when there is an allegation *and* a

substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *U.S. v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (emphasis in original).  *See also U.S. v. Bryant*, 2018 WL 3005831 (11th Cir. 2018) ("Judicial review is appropriate where the defendant alleged a constitutionally impermissible motive <u>and</u> made a substantial showing that the government's refusal to file a substantial assistance motion is because of that motive.") (emphasis in original); *U.S. v. Hickey*, 719 Fed. Appx. 100 (11th Cir. 2018) ("Federal courts may review the government's refusal to file a substantial assistance motion only if the defendant makes a "substantial threshold showing" that the refusal was based on an unconstitutional motive, such as the defendant's race or religion.").  Under this standard, "[a] defendant who merely claims to have provided substantial assistance . . . is not entitled to a remedy or to even an evidentiary hearing." *Dorsey*, 554 F.3d at 961.  So, too, a defendant "who makes only generalized allegations of an improper motive" would not be entitled to any such procedures or redress. *Id.*

Defendant's letter does not even allude to any unconstitutional or improper motive for the Government's failure to file any substantial assistance motion to date, much less offer the sort of "substantial threshold showing" that is required to warrant judicial review.  (Dkt. 63.)  Defendant merely cites the general commitment that the Government "would consider" his future assistance — a

commitment found not to restrain prosecutorial discretion. *See supra, Forney*, 9 F.3d at 1499.  As discussed above, Defendant is or was represented by counsel in connection with the state charges against him and the state cases where he is testifying, presumably in exchange for whatever consideration he or his counsel in those proceedings secured through negotiation and by threatening to withhold (or actually withholding) the cooperation he had previously promised in his plea agreement.

The Government urges the Court to decline Defendant's request for appointment of counsel and to decline his invitation to engage in the sort of routine review of the Government's declinations to file substantial assistance requests that courts have generally sought to avoid.

Date: August 9, 2018

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney


By:   *s/ Dana E. Hill*
Dana E. Hill
Assistant United States Attorney
USA No. 189
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:       Dana.Hill@usdoj.gov

U.S. v. MICHAEL GLENN          Case No. 6:14-cr-34-Orl-28KRS
    GLASCOCK

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2018, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF and mailed a copy of same to

the following:

> Michael Glenn Glascock, *pro se*
> Inmate No. 337383
> Brevard County Jail
> 860 Camp Road
> Cocoa, FL 32927

> *s/ Dana E. Hill*
> Dana E. Hill
> Assistant United States Attorney
> USA No. 189
> 400 W. Washington Street, Suite 3100
> Orlando, Florida 32801
> Telephone:   (407) 648-7500
> Facsimile:    (407) 648-7643
> E-mail:        Dana.Hill@usdoj.gov

10